UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>RON DAVIS, et al.,<br><br>    Defendants. | Case No. 18-cv-00965-RS (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A RESPONSE TO TRO MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

Plaintiff alleges in this federal civil rights action that his life and the lives of other inmates are in danger if his jailors force them to integrate with general population inmates. When liberally construed, plaintiff has stated claims for relief.

Plaintiff has filed a motion for a temporary restraining order ("TRO") and a preliminary injunction. (Dkt. No. 5.) Defendants are ordered to file a response to plaintiff's request for a TRO and a preliminary injunction on or before **April 20, 2018**.

1    Defendants are further directed to file a dispositive motion or notice regarding such
motion relative the claims raised in the complaint or before **June 29, 2018**. The Court
further directs that defendants adhere to the notice provisions detailed in Sections 2.a and
10 of the conclusion of this order. Plaintiff's motion for counsel will be addressed in a
separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that his jailors at San Quentin plan to integrate him and 100 other Special Needs Yard ("SNY") and Enhanced Outpatient Program ("EOP") inmates into the general population. He further alleges that if this integration takes place, his life and the lives of the other SNY and EOP inmates are in danger. When liberally construed, plaintiff has stated a claim for relief under section 1983.

## MOTION

Plaintiff has filed a motion for a TRO and a preliminary injunction. (Dkt. No. 5.) Defendants are ordered to file a response to plaintiff's request for a TRO and a preliminary injunction on or before **April 20, 2018**.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Docket No. 1), all attachments thereto, and a copy of this order upon Ron Davis, Warden of San Quentin State Prison; Y. Samara, Associate Warden of San Quentin; T. Boerum, a captain at San Quentin; and Dr. Chang, head psychologist at San Quentin. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2.    On or before **June 29, 2018,** defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a.    If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

4. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions

at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

11. Defendants are ordered to file a response to plaintiff's request for a TRO and a preliminary injunction (Dkt. No. 5) on or before **April 20, 2018**.

**IT IS SO ORDERED.**

**Dated:** March  30, 2018

_____
RICHARD SEEBORG
United States District Judge